# FOR PUBLICATION



**FILED & ENTERED**

**JUN 24 2013**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY craig    DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>FLORETTA WILSON,<br><br>                       Debtor(s), | Case No.: 6:12-bk-33437-SC<br><br>Chapter: 7<br><br>**MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART THE CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIMS OF EXEMPTION**<br><br>Date: June 19, 2013<br>Time: 11:00 a.m.<br>Location: Video Hearing Room 126<br>         3420 Twelfth Street<br>         Riverside, CA 92501<br><br>         and<br><br>         Courtroom 5C<br>         411 W Fourth Street<br>         Santa Ana, CA 92701 |

A hearing on Chapter 7 Trustee's Objection to the Debtor's Amended Claims of Exemption filed on May 6, 2013 [Docket No. 29], took place on June 19, 2013, at 11:00 a.m. in Video Hearing Room 126, located at 3420 Twelfth Street, Santa Ana, CA 92501 and

Courtroom 5C, located at 411 W Fourth Street, Santa Ana, CA 92701. Lynda T. Bui, Chapter 7 Trustee (the "Trustee") appeared in support of the Motion. All other appearances are as noted on the record.

### Statement of Facts

On October 16, 2012 (the "Petition Date"), Floretta Wilson (the "Debtor") filed her petition under Chapter 7 of Title 11, United States Code. The Debtor's schedules reflect, among other things, ownership of two real properties, the first being 13272 San Jose Street, Hesperia, CA 92344 (the "Hesperia Property") and the second being 4246 8th Avenue, Los Angeles, CA 90008 (the "Los Angeles Property"). (These properties are hereinafter referred to as the "Properties.") With respect to the Hesperia Property, Bank of America holds the first and second deeds of trust, and Wachovia Mortgage holds a first deed of trust on the Los Angeles Property. The Debtor asserted in her schedules that both Properties were "underwater". At the time of filing, Debtor did not claim any exemptions with respect to the Hesperia Property or the Los Angeles Property. [Trustee's Objection, Dk. 29, p. 3, lines 9-10].

According to the Trustee, on November 21, 2012, the Debtor testified at the Section 341(a) initial meeting of creditors that she was approximately $60,000.00 in arrears and indicated that she would attempt to obtain a loan modification. The Trustee does not elaborate with respect to which property the Debtor was referring. [Trustee's Objection, Dk. 29, p. 3, lines 16-17]. The Trustee continued the meeting of creditors to January 15, 2013, to allow the Debtor to proceed with the loan modification. Again, the Trustee does not elaborate as to which property the Debtor was referring. [Trustee's Objection, Dk. 29, p. 3, lines 18-19]. The Debtor received her discharge on January 29, 2013 [Dk. 16].

On March 25, 2013, the Trustee filed an Application for an Order Authorizing Employment of Kristian Peter of Bankruptcy Short Sale Solutions as Real Estate Broker [Dk. 20] to assist the Trustee in the listing, marketing and negotiating of a short sale of the Estate's interest in the Properties. [Trustee's Objection, Dk. 29, p. 4, lines 1-5]. The Application stated

that the broker has obtained offers for the Properties that would provide for "bankruptcy fee 'carve-outs' of $15,000.00 for the Hesperia Property and $21,250.00 for the Los Angeles Property." [1] [Trustee's Reply, Dk. 34, p. 2, lines 14-16].

On April 5, 2013, the Debtor filed an Amended Schedule C [Dk. 22], asserting exemptions in the Properties and other personal properties under Cal. Code of Civ. Pro. ("CCP") Section 703.140(b)(5) in the total amount of $26,328.00.[2] On May 6, 2013, the Trustee filed an Objection to Debtor's Amended Claims of Exemption (the "Motion" or "Objection"). The Trustee asserts that the Debtor may not claim exemptions which did not exist as of the Petition Date and that the claimed exemptions exceeds the maximum amount the Debtor is entitled to under CCP Sections 703.140(b)(1) and (5). [Trustee's Objection, Dk. 29, p. 2, lines 8-11].

For all of the reasons set forth below, the Trustee's Objection is overruled as to the validity of the exemptions and attachment to the Properties and sustained as to the amount of the exemptions.

**The Arguments Presented**

Underlying this Objection, the Trustee desires to make an arrangement with Bank of America and Wachovia to undertake short sales for the Properties under Section 363 of the Bankruptcy Code and receive a piece of the action. Put another way, apparently the lenders are willing to "tip" the estate so that they will not have to foreclose on these Properties. The Debtor agrees that the Trustee is able to conduct these sales; however, the Debtor argues that she must be paid her exemption amounts after the sale. Of course, payment to the Debtor of

---

[1] This, of course, is most likely incorrect. What the Trustee really implies is that the lenders, Bank of America and Wachovia, may be willing to carve out a "gratuity" to the estate so that they do not have to proceed with a foreclosure (and undertake all of the new requirements imposed by the State of California with its new foreclosure statutes and consumer protection efforts.) The Court declines to undertake a separate analysis of the bad faith use of the federal bankruptcy system by such actions, except to question whether the Bankruptcy Code was enacted to provide cover for lending entities desirous of avoiding state-imposed consumer protection laws (including the recently enacted mortgage modification assistance requirements by the State of California.)

[2] This is commonly called the "wild-card" exemption, which includes all unused amounts of exception under CCP Section 703.140(b)(1) plus an additional amount contained in CCP Section 703.140(b)(5).

her exemption amounts impedes the Trustee from engaging in a Section 363 sale because there would be no benefit to the estate if the Debtor received all of the funds carved out by the banks.  Thus, the Trustee wants guidance from this Court, in the form of the requested order on the Objection, so that the Trustee will not fruitlessly expend time and effort in doing the bidding of the secured lenders.

Initially, this Court believed that the Trustee was seeking an advisory opinion on the subject of the validity of the exemptions, because no sale was pending and the exemptions are not relevant until the time of the sale closings.  However, in light of the time limitations controlling objections to exemptions, the Court deems the Objection appropriate for resolution now.

The stated arguments by the Trustee in her Objection are important for what they allege, and what they do not allege. The Trustee states that the exemptions are invalid because the exemptions were not available when the debtor filed for bankruptcy and exceeds the maximum amount that the Debtor is entitled to under CCP sections 703.140(1) and (5). The Trustee does not object to the exemptions because they were filed late, or that they were made in bad faith, or that they cause prejudice to the Trustee or the creditors of the estate.  No evidence of such issues or allegations was presented to the Court by the Trustee, and that burden is squarely on the Trustee when raising such objections.  "The bankruptcy court has no discretion to disallow amended exemptions, unless the amendment has been made in bad faith…." *In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000) (internal citations omitted).

Both of the Trustee's stated arguments may be disposed of summarily.  First, within her first argument, the Trustee is confusing exemptions, on the one hand, with the estate property upon which the exemptions attach, on the other hand.  As an example, on p. 6 lines 7-8 the Trustee states, "[in] other words, the potential carve-out did not exist on the Petition Date and the Debtor had no inherent right to the carve-out or any other concession from the secured lender…." [Trustee's Objection, Dk. 29, p. 6, lines 7-8].  The "carve-out" is not the asset upon

which the Debtor holds exemptions; it is the Properties upon which the exemptions are held. The "carve-outs" from the Properties are the means by which the estate is acquiring funds that are subject to the exemptions.

The various cases cited by the Trustee do not stand for the Trustee's proposition regarding the non-existence of the exemptions at the time of the filing of the petition. These cases discuss valuation issues and the amounts allowable under the estate exemptions. For instance, the Trustee asserts that *In re Hyman*, 967 F.2d 1316 (9th Cir. 1992) stands for the proposition that, "[a] debtor does not have the ability to claim exemptions which did not exist as of the commencement of the case or post-petition increases in the value of the property in excess of the amount claimed as exempt." *See*, Trustee's Objection [Dk. 29 p. 5, lines. 16-18], citing *In re Hyman* at 1319. This subject has no relevance to the matter before this Court. The value of the Properties is not the issue here; the issue is the availability of funds from the sale of estate property to which exemptions may attach. Further, there exists no challenge to the secured creditors' liens, and thus the gratuity is not derived from a settlement or other recovery that may not be subject to exemptions. The Trustee's further reliance on the Supreme Court's *Owen v. Owen*, 500 U.S. 305, 306, 111 S. Ct. 1833, 1834, 114 L. Ed. 2d 350 (1991), is also irrelevant to the facts in this case.

Both of the homes were in existence and owned by the Debtor on the Petition Date. The Debtor did not believe that the exemption interests available to the Debtor were worthy of a declared exemption on the Petition Date. However, now that the Debtor believes that there may be exemption value because the lenders may pay a tip to the estate for the privilege of avoiding foreclosure proceedings and the consumer protection requirements imposed by the State of California, the Debtor is entitled to file her amended Schedule C to include exemptions relevant to the Properties.

Objections on the timing of amended exemptions are considered by reviewing the totality of the circumstances of the incident, with bad faith and prejudice to the estate and creditors at the forefront of the analysis, evidence of which are the initial burden of the

5

Case 6:12-bk-33437-SC    Doc 40    Filed 06/24/13    Entered 06/24/13 14:05:53    Desc
                           Main Document    Page 6 of 8

objecting party. *In re Nicholson*, 435 B.R. 622, 630 (9th Cir. BAP 2010); *In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000).  These issues were not raised, no evidence of any bad acts by the Debtor was provided in the Objection, and thus they were waived by the Trustee.  In order to prevail on the bad faith issue, "a party objecting to a debtor's claim of exemption must prove bad faith by a 'preponderance of the evidence'…." *In re Nicholson*, 435 B.R. 622, 634 (9th Cir. BAP 2010).

Second, the Trustee is intending to sell the Properties pursuant to Section 363 of the Bankruptcy Code.  Those proposed sales are subject to all attached interests on those Properties, whether valid voluntary secured liens, tax liens, other statutory liens, judicial liens, or valid exemptions.[3]  Those interests, as validly claimed by the interest holders, must be paid over to the interest holders upon sale under Section 363.  Upon such sale, Bank of America will receive its payoff, Wachovia will receive its payoff, and the Debtor will receive her exemptions, up to the amount validly held.

It does not matter how funds are generated by the estate through a Section 363 sale, including if derived from a "tip" from Bank of America or Wachovia so that they will not have to undertake a foreclosure proceeding under California law.  Funds derived from these sales are property of the estate and are subject to valid exemptions.  The wild card exemption is designed precisely for this purpose – to attach to any estate property that the Debtor designates in her Schedule C form.  In this instance, the Debtor has designated funds derived from the sale of the Properties for exemption, and she is entitled to the exemption.

Finally, the Trustee argues that the Debtor has overstated the amount of the exemption she is entitled to receive.  The Trustee argues that the maximum wildcard exemption is $23,350.00, and not the $26,328.00 claimed.  The Trustee is correct, and if these sales occur, the Debtor will only be entitled to a total of $23,350.00.  The Debtor shall file an amended Schedule C within thirty (30) days of entry of this Order, designating the appropriate reduction

---

[3] Section 363(f) permits the Trustee to sell estate property "free and clear of any interest in such property…." 11 U.S.C. §363(f).  Both Section 522 of the Bankruptcy Code and CCP Section 703.140(b)(1) and (5) clearly delineate exemptions as the debtor's interest in value in property.

on whichever property she decides to reduce the exemption amount.  If no further amendment is timely made pursuant to this Order, the Trustee will pay over to the Debtor the currently stated amount of exemption in full on whichever property is sold and closed first, and thereafter make the appropriate reduction in connection with payment of the exemption on the second property.

### Conclusion

The Trustee's Objection is overruled with respect to the challenge to the exemptions' validity and attachment to the Properties. The Trustee's Objection is sustained as to the amounts of the exemptions. The Debtor is only entitled to a total wildcard exemption amount of $23,350.00.  The adjustments to the exemptions are to be made in accordance with this Order, as stated above.

**IT IS SO ORDERED.**

Date: June 24, 2013

Scott C. Clarkson
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER DENYING IN PART AND GRANTING IN PART THE CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIMS OF EXEMPTION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**  Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of 6/24/13, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- **Lynda T. Bui (TR)**    trustee.bui@shbllp.com, C115@ecfcbis.com
- **Daniel N Greenbaum**    dgreenbaum@pacittilaw.com, greenbaumcmecf@gmail.com
- **Joe M Lozano**    notice@NBSDefaultServices.com
- **Ramesh Singh**    claims@recoverycorp.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Floretta Wilson
13272 San Jose Street
Hesperia, CA 92344

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page